COLLEGES AND UNIVERSITIES – COMMUNITY COLLEGES –
    AUTHORITY OF BALTIMORE COUNTY BOARD OF TRUSTEES
    TO REORGANIZE THE EXISTING COLLEGES

October 20, 1994

*The Honorable Shaila R. Aery*
*Secretary of Higher Education*

You have requested our opinion whether the Board of Community College Trustees for Baltimore County ("the Board") has authority under current law to reorganize the three community colleges within Baltimore County. You describe the proposal as follows: "The Board is considering restructuring the organization of the colleges, so that there will be one chief administrative officer who oversees all of the colleges. That person will report to the Board. This structure would be similar to what is in place at Montgomery College."

For the reasons stated below, we conclude as follows: The Board has sufficient authority under current law to reorganize the county's three community colleges, including consolidating them. Depending upon the nature of the reorganization, however, the approval of the Maryland Higher Education Commission might be needed. Moreover, if the reorganization contemplates that someone other than the president of each community college would report directly to the Board, then a change in the pertinent legislation will be needed.

I

**Analysis**

The Board currently operates three community colleges within Baltimore County: Catonsville, Dundalk, and Essex. Each of these three colleges has its own president, who reports to and is responsible to the Board. The three existing community colleges are not separately established by statute, however.

The Board is empowered to "exercise general control over the community college[s] ...."  §16-203(c) of the Education ("ED") Article, Maryland Code.  Moreover, "[w]ith the approval of the Maryland Higher Education Commission, each board of trustees may establish and operate one or more community colleges."  ED §16-203(b).

In light of these grants of authority, the Board has broad discretion to reorder the administrative structure of the community college system in Baltimore County.  If the Board concludes that some type of reorganization or even consolidation is desirable, it has the legal authority to bring that change about.

This authority is not unlimited, however.  If organizational changes are tantamount to the establishment of a new community college, then the approval of the Maryland Higher Education Commission is required under ED §16-203(b).  More generally, decisions of the Board must be consistent with any pertinent policy directives of the Maryland Higher Education Commission.  *See* ED §§11-105(b)(6) (Commission is to "establish general policies" for community college operation) and 16-203(a) (powers and duties of a community college board are "subject to the authority of the Maryland Higher Education Commission ...").

Finally, any reorganization of the colleges must be consistent with ED §16-204, which imposes certain duties on the president of a community college. Notably, the president is to "report directly to the board of trustees," ED §16-204(b)(1), and "attend all meetings of the board, except those involving his personal position as president," ED §16-204(b)(5).  Without a change in the law, the Board may not institute an administrative structure that would eliminate the direct line of reporting between the presidents (or, if a new community college were established, the president) and the Board.  In this regard, we understand that Montgomery College is organized with a single president for the three branch campuses. The chief administrative officer of the college reports to the president who, in turn, reports directly to the Board of Trustees of Montgomery College.

## II

## Conclusion

In summary, it is our opinion that the Board of Community College Trustees for Baltimore County has authority under current law to effect a reorganization of the existing community college system in the County, subject to the power of the Maryland Higher Education Commission and the prerogatives of community college presidents under current law.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*

Sara Slaff
*Assistant Attorney General*